**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL LYNN KEETON,** | § | |
| | § | |
| V. | § | A-09-CA-590-LY |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division,**[1] | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 14); and Petitioner's response thereto (Document 15). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 421st Judicial District Court of Caldwell County, Texas, in cause

---

[1] The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the TDCJ-CID. Under FED. R. CIV. P. 25(d)(1) Thaler is automatically substituted as a party.

number 2006-058. Petitioner was charged with aggravated assault with a deadly weapon, alleging that Petitioner had used or exhibited a bottle to threaten Tracie Garza with imminent bodily injury. The State subsequently gave "Notice of Intent to Use Prior Convictions to Enhance Punishment," alleging that Petitioner had three prior felony convictions. On May 31, 2006, the jury found Petitioner guilty as charged. Petitioner pleaded "true" to the enhancement allegations, and the trial court sentenced Petitioner to 40 years imprisonment.

Petitioner's conviction was affirmed by the Third District Court of Appeals of Texas on June 19, 2007. Keeton v. State, No. 03-06-00343-CR, 2007 WL 1790442 (Tex. App. – Austin 2007). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on December 12, 2007. Keeton v. State, No. 1035-07. Petitioner also challenged his conviction in a state application for habeas corpus relief. The Court of Criminal Appeals denied the application without written order on February 4, 2009. Ex parte Keeton, Appl. No. 71,290-01 at cover.

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals' opinion and is repeated below.

> The evidence at trial showed that appellant developed a relationship with Tracy Garza and lived with her on and off for nine months in 2005. Garza testified that when her fourteen-year-old son and twelve-year-old daughter went to live with their father, appellant became abusive towards her.
>
> In September 2005, Garza owned a cleaning company that provided custodial services to businesses. On the evening of September 28, appellant was helping Garza provide cleaning services to one of her customers, an advertising agency in Austin. In connection with her cleaning services, the business had afforded Garza access to a refrigerator in the business that contained beverages for office parties. At Garza's request, appellant retrieved a root beer for her from the refrigerator and a beer for himself, which they started to drink on the way home after work. When they arrived home at approximately 11:30 p.m., appellant—apparently unprovoked—threatened

to break the beer bottle from which he was still drinking and cut Garza with it. Garza was sitting on their bed when appellant threatened her. She grabbed a Maglite flashlight located next to the bed and held it in a manner to defend herself. Garza testified that she and appellant remained in a standoff in the bedroom for the next several hours with appellant threatening her with the bottle and Garza holding the flashlight in a defensive posture.

Garza testified that she took appellant's threat seriously because he had hurt and threatened her many times before, and she was afraid for her life. At the time, Garza's twelve-year-old daughter was asleep in the house. Garza testified that appellant had told her on prior occasions that if she ever told her family about the abuse, he would "hurt them or kill them" and that "[i]f I ever called the police, he would have a shoot-out with them. He would never go back to a situation [in prison] again."

The confrontation ended when it was time for Garza to awaken her daughter and take her to school. Garza testified:

> It was time to get my daughter up and ready for school. And I got up and got my daughter ready for school. And he never did anything in front of anyone. So I knew that, as long as she was awake in there, I was safe. So I got her ready for school and I took her to the bus stop. When I returned home, I told him to be gone by the time I got back from work that night or I was going to call for some help.

Garza then left for work. Garza testified to injuries she incurred that evening and on prior occasions, including bruises, scratches, and a bite mark on her face. The State introduced photographs showing the injuries on her chest, neck and face that were taken a "few days before the incident" by a neighbor and also other photographs taken by her daughter in the months prior to the incident. When Garza returned from work that night and learned from her neighbor that appellant was still in the house, she called 9-1-1 and reported the episode. Appellant was arrested and indicted for aggravated assault with a deadly weapon for intentionally and knowingly threatening Garza with imminent bodily injury with a beer bottle. A jury found appellant guilty and this appeal followed.

Keeton v. State, No. 03-06-00343-CR, 2007 WL 1790442, at *1 (Tex. App. – Austin 2007).

**C.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner was denied due process when the Third District Court of Appeals affirmed the judgment on a theory not presented in the indictment or the charge;

2. His trial counsel was ineffective in:

   a. failing to object and ask for a hearing outside the presence of the jury when the state's witness testified to numerous extraneous bad acts, which cannot be introduced without prior notice;

   b. failing to object and ask for a hearing when the State introduced several photos, which were not taken by police and unrelated to the charge;

   c. failing to object to and ask for a hearing when the State introduced letters he had written into evidence;

   d. used inflammatory terms "kill" and "threaten to kill" in cross-examination; and

3. His appellate counsel was ineffective in failing to challenge the legal and factual sufficiency of the evidence on direct appeal.

**D.  Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.  The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

B.   **Appellate Court Error**

In his first ground for relief, Petitioner argues that the Third Court of Appeals affirmed his judgment on a theory not presented in the indictment or in the jury charge. Petitioner notes that he was charged with aggravated assault with a deadly weapon under section 22.01(a) of the Texas Penal Code but contends the appellate court affirmed, finding he had committed the underlying misdemeanor offense of assault by causing bodily injury under section 22.01(a)(1) when the affirmance should have been based on the underlying misdemeanor offense of assault by threat under section 22.01(a)(2).

On appeal Petitioner had argued that the trial court erred by refusing to instruct the jury on the lesser-included offense of assault because the evidence showed that Petitioner did not use a deadly weapon to assault Petitioner and that, if he did use a beer bottle, it did not constitute a deadly weapon. Keeton v. State, No. 03-06-00343-CR, 2007 WL 1790442, at *2 (Tex. App. – Austin 2007). The court of appeals explained that in order to be entitled to an instruction on misdemeanor assault, there must have been some evidence that Petitioner did not use or exhibit a deadly weapon. Id. The appellate court determined the record supported the trial court's decision not to instruct the jury on the lesser-included offense. Id. at *3. The court explained that Petitioner denied the conduct of which he was accused and particularly that he had used or exhibited the beer bottle to threaten Garza. Id. The court further explained that the record did not contain evidence that would permit a jury to rationally find that if Petitioner was guilty he was only guilty of the lesser-included offense. Id. The appellate court stated that if the jury believed Petitioner's testimony, the requisite elements of both aggravated assault and the lesser-included offense of assault would have been negated and would have supported an acquittal on both offenses. Id. The appellate court concluded Petitioner

was not entitled to an instruction on the lesser-included offense of assault, because the testimony offered at trial did not establish that if Petitioner was guilty, he was guilty only of the lesser offense of assault. Id.

Contrary to Petitioner's argument, the Third Court of Appeals did not affirm his conviction on a legal theory not present in the indictment. The appellate court's conclusion that petitioner was not entitled to the lesser-included instruction does not constitute an affirmance on a different legal theory. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## C.     Ineffective Assistance of Trial Counsel

In his second ground for relief, Petitioner argues that he was denied effective assistance of counsel. Specifically, Petitioner alleges counsel was ineffective in: (a) failing to object and ask for a hearing outside the presence of the jury when the state's witness testified to numerous extraneous bad acts, which cannot be introduced without prior notice; (b) failing to object and ask for a hearing when the State introduced several photos, which were not taken by police and unrelated to the charge; (c) failing to object to and ask for a hearing when the State introduced letters he had written into evidence; (d) used inflammatory terms "kill" and "threaten to kill" in cross-examination.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

> defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

    1.     Extraneous Evidence

Petitioner claims that counsel should have requested a hearing and objected when the prosecutor introduced Garza's testimony in which she claimed that Petitioner had, on prior occasions, given her black eyes, bitten her, threatened her with a tool to cut weeds, cut her with a pair of scissors, choked her and attempted to rape her. Petitioner also believes counsel should have

8

requested a hearing and objected when the State introduced photographs of Garza taken by her neighbor and her daughter, exhibits five through eleven, depicting a bite mark to Garza's face and other injuries, including a black eye, a bruise to her leg, and a cut to her right breast, inflicted by Petitioner prior to the night of the assault. Petitioner also alleges that counsel should have requested a hearing and objected when the prosecutor introduced letters Petitioner had written to Garza, exhibit fourteen, and one written to the district attorney, exhibit twelve.

Petitioner raised this claim on direct appeal. The appellate court noted counsel did not object to the introduction of the complained-of evidence, and the evidence was arguably admissible to show motive, opportunity, or intent. Keeton v. State, No. 03-06-00343-CR, 2007 WL 1790442, at *4 (Tex. App. – Austin 2007) (citing TEX. R. EVID. 404(b)). The court explained in Petitioner's case the evidence may have been relevant and admissible to provide context for Petitioner's spontaneous conduct on the night in question, Garza's response to Petitioner's threats, and to respond to Petitioner's testimony of denial and that he was the one threatened by Garza on that and prior occasions. Id. The appellate court concluded that the identified acts or omissions were not outside the wide range of professionally competent assistance. Id. (citing Mata v. State, 226 S.W.3d 425 (Tex. Crim. App. 2007)).

Petitioner raised the same claim in his state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the claim without written order. The Fifth Circuit has held that, because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when state habeas relief is denied without an opinion. Schaetzle v. Cockrell, 343 F.3d 440, 443 (5th Cir. 2003) (citing Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001), cert. denied, 535 U.S. 982, 122 S. Ct. 1463 (2002); Neal v. Puckett, 286 F.3d 230, 246

(5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."), cert. denied, 537 U.S. 1104, 123 S. Ct. 963 (2003)).

Texas law allows evidence of extraneous offenses committed by the accused to be admitted to show a common scheme or motive, or to show intent or identity, when either or both are at issue. TEX. R. CRIM. EVID. 404(b); Albrecht v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972); Hafti v. State, 416 S.W.2d 824, 825 (Tex. Crim. App. 1967). Evidence may be admitted "on the widely recognized principle that similar but disconnected acts may be shown to establish intent, design, or system;" and the fourteenth amendment leaves a state court free to adopt such a rule of relevance. Lisenba v. California, 314 U.S. 219, 227-228, 62 S. Ct. 280, 285-286 (1941).

In Petitioner's case the extraneous offense evidence was relevant and probative to showing motive, opportunity, or intent. Therefore, counsel was not deficient in failing to object or request a hearing before the evidence was admitted. Moreover, any prejudicial effect of the extraneous offense evidence or the failure to request a hearing before the admission of such evidence was not likely a substantial or critical factor in the jury's determination. Thomas v. Lynaugh, 812 F.2d 225, 230-31 (5th Cir. 1987). Accordingly, the state court's denial of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law. Having reviewed the state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

    2.    Inflammatory Terms

Petitioner argues that in using the term "kill" and the phrase "intent to kill," trial counsel admitted Petitioner's guilt. The record indicates counsel asked Garza, "Now, you said sometime

earlier he had threatened to kill you at some time previously, right?" Butler also asked Garza about her testimony regarding Petitioner's threat to "kill" her with a half bottle of beer. III RR 44, 48. Butler asked Garza, "How many times over the course of that summer, did Mr. Keeton threaten to kill you?" and "Other than the beer bottle, what kind of weapons did he threaten to kill you with?" III RR 50.

The record reflects counsel was asking Garza about her prior testimony. III RR 20-43. Counsel did not inject any allegations into the trial that had not been previously raised during Garza's direct examination. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**D.     Ineffective Assistance of Appellate Counsel**

In his final ground for relief Petitioner argues he received ineffective assistance of appellate counsel, because counsel failed to challenge the factual and legal sufficiency of the evidence on direct appeal after having raised those issues in her Motion for New Trial and after having challenged the trial court's failure to include a lesser-included instruction in the jury charge.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. Hughes v. Booker, 203 F.3d 894, 896 (5th Cir. 2000) (citing Evitts v. Lucey, 469 U.S. 387, 293-95, 105 S. Ct. 830, 834 (1985)). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and

prejudicial. Id. (citing Penson v. Ohio, 488 U.S. at 84, 109 S. Ct. at 352-54 (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67 (1984))).

Under the Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781 (1979) standard for evaluating the legal sufficiency of the evidence, a court views all the evidence in the light most favorable to the prosecution in determining whether any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. Id. Direct and circumstantial evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict. See United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir. 1992). The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses. United States v. Barksdale-Contreras, 972 F.2d 111, 114 (5th Cir. 1992).

Petitioner was charged with aggravated assault. The indictment alleged that Petitioner intentionally and knowingly threatened Tracie Garza with imminent bodily injury, and during the commission of said offense, Petitioner did then and there use and exhibit a deadly weapon, to wit: a bottle, that in the manner of its use and intended use was capable of causing death and serious bodily injury. SF at 1. A person commits aggravated assault by threat if he intentionally or knowingly threatens another with imminent bodily injury while using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West 2005).

The victim testified that Petitioner threatened her with a beer bottle. III RR 25-27. Deputy Jesse Garcia testified that a beer bottle could be a deadly weapon. III RR 66. Petitioner admitted to having written letters, apologizing for his behavior. III RR 128-29. When viewed in the light

most favorable to the verdict, the evidence was plainly sufficient to allow a rational trier of fact to conclude that Petitioner committed the offense of aggravated assault with a deadly weapon.

Under Texas law, in a factual sufficiency review, all the evidence is considered equally. Clewis v. Texas, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. Johnson v. Texas, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); Cain v. Texas, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. Watson v. Texas, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson, 23 S.W.3d at 11. Ample evidence was presented in the case against Petitioner to negate any concern that his conviction was clearly wrong or manifestly unjust.

Petitioner has failed to show any basis upon which appellate counsel could have secured a reversal of his conviction based on the ground of legal or factual insufficiency of the evidence. Prejudice does not result from appellate counsel's failure to assert a meritless claim or a meritless argument. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

### RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct.

1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of July, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE